## Dixon's Appeal.

*School law—Auditors—Act of June 29, 1923.*

1. Auditors appointed on June 25, 1923, to audit the accounts of a school district of the third class, in accordance with sections 2603 and 2619 of the School Code of May 18, 1911, P. L. 309, 310, were without authority to make such an audit after June 29, 1923, when those sections of the Code were so amended by act of that date (P. L. 949), as to abolish the appointment of auditors by the court.

2. The court cannot consider and dispose of exceptions to a report of auditors when, by operation of statute, the auditors had been deprived of the authority to make the report.

Motion to dismiss exceptions to auditor's report. C. P. Schuylkill Co., July T., 1923, No. 605.

*M. J. Ryan,* for exceptions; *Henry Houck,* for school district, contra.

KOCH, J., March 3, 1924.—Six reasons are set forth in support of this motion, and they may be resolved into this: (1) That the exceptions are all too vague; (2) that they state conclusions only; and (3) that the exceptions are not filed in good faith, but in retaliation and for political effect.

The exceptant to the auditor's report says: "1. The following items are excepted to as not authorized by law, extravagant, excessive in amount, incorrect in amount and illegal: 718, John Cavanaugh, $76.80; 719, Dan Cavanaugh, $76.80," etc., making about 125 of said items as already quoted.

The second exception is as follows: "That the amount paid to the school treasurer, to wit, $3878.96, was illegally and improperly paid."

The exceptions are filed by a single taxpayer of the district. Such right is conferred upon him by section 2622 of the School Code of May 18, 1911, P. L. 309, 428, as amended by the Act of May 21, 1913, P. L. 288, which authorizes any taxpayer of a school district of the second or third class, "on behalf of said district," to "appeal from any auditor's report within thirty days after said report has been filed to the Court of Common Pleas of the proper county." But the taxpayer must file a bond with one or more sureties, conditioned that he will prosecute the appeal with effect, etc. "If any appeal . . . shall be taken, . . . the appeal may be placed upon the argument list of the proper Court of Common Pleas; and depositions of witnesses and other evidence to be used at the argument may be taken on behalf of any of said parties before any person authorized to administer oaths, upon rule for that purpose served upon the opposite party or such party's counsel. After hearing argument, the court shall file its findings of fact and law and enter judgment in accordance therewith: Provided, that if, after argument, the court shall deem any question or questions of fact so doubtful, on evidence submitted, as to render it desirable that an issue should be directed as to such question or questions to be tried by a jury, the court may direct such an issue."

The Township of West Mahanoy is a school district of the third class, having more than 5000 and less than 30,000 population: Section 104, School Code of May 18, 1911, P. L. 309. Pursuant to sections 2603 and 2619 of said Code of 1911, this court appointed two school auditors for said township on June 25, 1923, but on June 29, 1923 (P. L. 949, 950), sections 2603 and 2620 of said Code were so amended as to abolish the appointment of auditors by the court and to require the township auditors to audit the accounts of all school treasurers, etc. This legislation was evidently unknown to the auditors appointed by the court, and they, therefore, proceeded to discharge their duty as set forth in the School Code of 1911 and to make their report, to which we now have these exceptions. But the exceptions cannot be disposed of under the Act of 1911, because the parties making the audit had no authority to do so.

Dixon's Appeal.

All procedure in the premises is regulated by statute, and we are apparently without any authority to further pursue the exceptions filed in this case, because the audit was made by persons whose power had ceased with the repeal of the statute by virtue of which they had been appointed. They could not act before the first Monday of July, 1923, and, prior to that time, their duty was devolved upon the township auditors. Where an act of assembly directs anything to be done, the act must be strictly pursued: 1 Purd., 271, plac. 5.

And now, March 3, 1924, the motion is granted and the exceptions are dismissed.                    From M. M. Burke, Shenandoah, Pa.